## DEXTER GORTON *vs.* JAMES TIFFANY.

A. filed a bill in equity against B. to prevent his obstructing a strip of land between their estates and houses which originally belonged one half to the estate of each, but which had become a public way by fifty years' use. A. charged that the only access to his back door and yard was through the way over the strip of land.

On demurrer to the bill :

*Held*, that the bill sufficiently charged special damage to the complainant.

*Held*, further, that the bill was maintainable to enjoin B. from obstructing the strip as a private way, A.'s right not being affected by the public rights subsequently acquired.

*Held,* further, affirming *Sprague* v. *Rhodes et als.* 4 R. I. 301, that the bill was maintainable to remove the nuisance complained of, though the complainant might have other remedies, and though the bill charged neither irreparable mischief nor a right established at law.

BILL IN EQUITY for an injunction. On demurrer to the bill.

*February* 3, 1883. CARPENTER, J. This bill alleges that the complainant and the respondent are respectively owners of two adjoining parcels of land situate on the westerly side of Chestnut Street, in Providence; that the complainant and the respondent have a right of way over a strip of land measuring twelve feet in width on Chestnut Street, and extending westerly as far as the lands of the parties extend, and of which strip one half in width is taken from each of said parcels of land : that a way of the same width and in continuation thereof also exists over lands of other persons, and extends westerly to Claverick Street; and that the lane or passway thus formed has become by public use, for above fifty years last past, a public highway, and is known as Gould's Lane. The bill further alleges that the respondent has obstructed said way by building thereon a fence opposite his own lot, and states the damage resulting to the land of the complainant in the following words :

" Your orator further shows that the gate giving entrance into the yard of your orator, in the rear of his house, and to the rear doors of his said house, and through which your orator and his tenants have been accustomed to take in his coal, wood, flour, and other bulky household supplies, is located upon the westerly side of said way, about fifty three feet from said Chestnut Street; and your orator and his tenants have no other access to said yard, and the rear door of his said house, except through said gate ; and if said defendant is allowed to obstruct said way, as he threatens to do, as aforesaid, your orator and his tenants will be thereby entirely prevented from reaching said gate, with horses, wagons, or teams, and greatly incommoded in the use and occupation of your orator's said estate, and your orator's said estate will be greatly depreciated in value, and your orator thereby sustain great and irreparable loss and injury."

The bill prays an injunction against the further maintenance of the fence, and for other relief. The respondent demurs, and in support of the demurrer argues that the obstruction complained of

being a public nuisance, there is no allegation that the complainant suffers any injury peculiar to himself and different from that suffered by others, and therefore no private action will lie.

We think, however, that the bill sufficiently alleges a peculiar and special damage to the complainant. The case cannot be distinguished from those formerly decided by this court. *Clark* v. *Peckham*, 10 R. I. 35, 38; *Williams* v. *Tripp*, 11 R. I. 447. See, also, *Stetson* v. *Faxon*, 19 Pick. 147. We think, also, that the bill may be maintained for an obstruction to Gould's Lane as a private way. The strip of land in question was subject to a private way before the public acquired any right by user, and we see no reason why the right of the complainant should be held to be extinguished or suspended, because the public have also acquired rights in the same land.

The respondent further contends that the bill will not lie because no irreparable mischief is charged, because the complainant has not established his right at law, and because the complainant has remedies by indictment, by action for damages, and by forcible abatement.

Without discussing these objections it is sufficient to say that they suggest no reason why, under our practice, the bill may not be maintained. Story Eq. Jur. § 925; *Sprague* v. *Rhodes*, 4 R. I. 301.

The demurrer will therefore be overruled.

*Order accordingly.*

*James Tillinghast*, for complainant.
*Perce & Hallett*, for respondent.